UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                             Criminal Case No. 98-80812-3
                                                   Civil Case No. 04-73288

vs.

                                                   HONORABLE PAUL D. BORMAN
                                                   HONORABLE STEVEN D. PEPE

KENNETH A. JEFFERSON,

       Defendant.

_____/

REPORT AND RECOMMENDATION

On August 26, 2004, Defendant filed a *pro se* motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 486). That motion has not been referred to the undersigned. On March 25, 2005, Defendant filed two more motions, supplementing his habeas petition titled:

"Amended Motion for New Trial or in the Alternative Defendant's Renewed Motion for Mistrial and for Evidentiary Hearing" (Dkt. # 517),  and

"Motion to Recall Mandate or in the Alternative, Motion under Fed. R. Civ. P. 60(B)(5). Also, Motion for new trial and renewed Motion for mistrial and for evidentiary hearing originally filed December 5, 2000" (Dkt. # 519).

These motions have been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). They will be treated as motions to amend the initial § 2255 motion (Dkt. # 486) under Fed. R.. Civ. P. 15(a). For the following reasons, IT IS RECOMMENDED that Petitioner's two motions be DENIED.

I.   FACTS AND PROCEDURAL BACKGROUND

In 1999, Defendant was indicted on one count of conspiracy to distribute and to posses with intent to distribute cocaine and cocaine base. On June 4, 1999, a jury found Defendant guilty. On December 8, 2000, Defendant was sentenced to 240 months imprisonment. The conviction and sentence was affirmed on December 3, 2003, in *United States v. Stines*, 313 F.3d 912 (6th Cir. 2002). Defendant, with co-defendants, filed a petition for certiorari, which the Supreme Court denied on October 20, 2003.

II.   ANALYSIS

   A.   Standard for Relief from Conviction and/or Sentence Under § 2255

In relevant part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

A prisoner may seek relief from a conviction and/or sentence under 28 U.S.C. § 2255 if the prisoner can demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice. *See Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).

B.   Timeliness

28 U.S.C. § 2255 provides for a one year time limit for the filing of all petitions. In a case like Petitioner's, this one year period runs from the date the judgment of conviction became final. *See* § 2255 para. 6(1)-(4).[1] The conviction of a federal criminal defendant who petitions for writ of certiorari to the United States Supreme Court becomes final when the Court denies the petition for a writ of certiorari. *See, e.g., Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Griffith v. Kentucky*, 479 U.S. 314, 321(1987); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); *United States v. Johnson*, 457 U.S. 537, 542 (1982). Petitioner's conviction became final on October 20, 2003, when the Supreme Court denied the petition. Thus, his August 26, 2004, § 2255 motion was timely filed but his two new motions were filed on March 25, 2005, beyond the one year limitation, and any new claims contained therein are barred, unless they "ar[i]se out of the conduct, transaction or occurrence" in the original § 2255 motion. *Mayle v. Felix,* 125 S. Ct. 2562, 2569 (2005). *Mayle* held that "[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566. It rejected the Ninth Circuit's use of the petitioner's "trial, conviction, or sentencing" as the "conduct, transaction or occurrence" and endorsed the position of the majority of Circuits that the new claims must relate back to the same core facts in both time and type. It later used the terms "common core of operative facts" drawing on the pendent jurisdiction jurisprudence. *Mayle,* 125

---

[1] A federal prisoner must file his motion to vacate within one year of the date on which: 1) the judgment of conviction becomes final; 2) a governmental impediment to making the motion is removed; 3) a right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or 4) the facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255 (¶ 6). For purposes of a collateral attack, a conviction becomes final at the conclusion of direct review. *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)

3

S. Ct. at 2574. To adopt a broader concept of the "conduct, transaction or occurrence" language of Rule 15(a) as the Ninth Circuit had done "would permit the 'relation back' doctrine to swallow AEDPA's statute of limitations." [2]

    C.    <u>Defendant's Original and Added Claims</u>

In Defendant's initial § 2255 motion (Dkt. # 486) he raises (1) what appears to be a *Booker* claim,[3] (2) an issue regarding the District Judge determining the drug amount and type, using attribution to determine this matter from statements at the sentencing hearing and not trial, (3) ineffective assistance of counsel (not informing Defendant of a plea offer), and (4) the fact that his sentence exceeds the statutory maximum.

In Defendant's Amended Motion for New Trial (Dkt. # 517) he adopts and incorporates co-defendant Joseph Stines' June 19, 2000, new trial motion regarding (1) the government withholding information related to additional deals that the government had given various prosecution witnesses, (2) new information of other witnesses admitting they gave of false testimony, and (3) a third witness being threatened if he gave exculpatory evidence. In his Motion to Recall Mandate/Alternative Motion for New Trial (Dkt. # 519) he again raises *Booker* claims and again expresses a desire to concur and adopt the current § 2255 motion of co-defendant Stines. In addition, he asserts a new claim of (5) the knowing false testimony of "a professional stand-by witness" of former Assistant U.S. Attorney Richard Convertino allegedly at the direction of Mr.

---

[2] "ADEPA" refers to The Antiterrorism and Effective Death Penalty Act of 1996. Pub. L. No. 104-132, 110 Stat. 1214 (1996) which added the one year statute of limitation to 28 U.S.C. § 2255 for both state and federal habeas claims.

[3] *United States v. Booker*, 125 S. Ct. 738 (2005).

Convertino. He also again challenges the trial judges having determined the drug type and amount which was raised in his original § 2255 motion.

The five new issues raised in Defendant's two motions to amend (Dkt. # 517 and #519) do not involve the same "conduct, transaction or occurrence" of his initial § 2255 motion (Dkt. # 486). Three of the original claims related to sentencing and the fourth related to Defendant not being told of a plea offer by the government. All of the new claims relate to trial testimony or exculpatory evidence withheld by the government. These new claims do not relate back to that earlier motion under Rule 15(a) because they do not involve a common core of operative facts. They are different in time and type. Thus, they are not claims filed within the one year statute of limitations of 28 U.S.C. § 2255.

III.   RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Petitioner's two motions for a new trial (Dkt. # 517) and to recall the mandate (Dkt. # 519) be DENIED as they raise redundant *Booker* and sentencing claims for which there is no need for an amendment and because all of the new claims are unrelated to the original claims in time and type and are therefore barred by the ADEPA one year statute of limitations.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 3, 2005            s/Steven D. Pepe
Ann Arbor, MI            United States Magistrate Judge

Certificate of Service

I hereby certify that on August 03, 2005, copies of this order were served upon the attorneys of record and Kenneth Jefferson by electronic means or U.S. Mail.

s/William J. Barkholz
Courtroom Deputy Clerk