DURAND CHAUNCE FORD,
KEITH MAURICE PHELAN, AND
KENNETH ANDREW JEFFERSON,                        Case No. 98-80812

               Petitioners,                PAUL D. BORMAN
vs.                                              UNITED STATES DISTRICT JUDGE

UNITED STATES,

               Respondent.
_____ /

**OPINION AND ORDER:**
**(1) TRANSFERRING TO THE SIXTH CIRCUIT PETITIONER FORD'S AND**
**PETITIONER PHELAN'S MOTION FOR RELIEF;**
**(2) DENYING PETITIONER PHELAN'S MOTION TO ALTER OR AMEND**
**JUDGMENT AND MOTION FOR LEAVE TO AMEND;**
**(3) DENYING AS MOOT PETITIONER PHELAN'S MOTION TO GRANT 2255;**
**(4) DENYING PETITIONER JEFFERSON'S MOTION TO VACATE AS UNTIMELY;**
**(5) DENYING PETITIONER JEFFERSON'S MOTION FOR A NEW TRIAL AND**
**MOTION TO RECALL/MANDATE;**
**(6) REJECTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE**
**JUDGE FOR THE REASON THAT PETITIONER JEFFERSON'S MOTION TO**
**VACATE IS UNTIMELY AND HIS SUBSEQUENT MOTIONS TO AMEND ARE ALSO**
**UNTIMELY;**
**(7) DENYING AS MOOT PETITIONER JEFFERSON'S OBJECTIONS TO THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND**
**(8) DENYING PETITIONER JEFFERSON'S NOTICE FOR JOINDER**

    Before the Court is Petitioner Ford's July 13, 2006 Motion for Relief pursuant to Fed. R. Civ.

P. 60(b). (Dkt. No. 565). Also before the Court are Petitioner Phelan's September 22, 2005 Motion

to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) and Motion for Leave to Amend

pursuant to Fed. R. Civ. P. 15(c) (Dkt. No. 536) and his July 13, 2006 Motion for Relief from

Judgment pursuant to Fed. R. Civ. P. 60(b). (Dkt. No. 566). Additionally, Petitioner Jefferson's

objections to the Magistrate Judge's Report and Recommendation in favor of denying his Motions

to Amend are before the Court, as well as Petitioner Jefferson's Notice of Joinder in Petitioner Stines' Motion to Vacate. A hearing concerning, *inter alia*, whether this Court enjoys proper jurisdiction over these issues was held on August 21, 2008.

## I. BACKGROUND

The Court incorporates the relevant background regarding the original proceedings as set forth by the Sixth Circuit in *United States v. Stines, et al.*, 313 F.3d 912, Appendix 16 (6th Cir. 2002), affirming the convictions of the three instant Petitioners and co-defendant Joseph Stines.

## II. ANALYSIS

### A. Legal Standard

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA"), Pub. L. No. 104-132 § 101-107, 110 Stat. 1214, 1217-26 (codified as amended in 28 U.S.C. 2244, 2253-2255, 2262-2266 (2000)). Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, 2254, and § 2255 which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F.Supp. 2d 965, 971 (E.D. Mich. 1999).

Unless the court of appeals has given its approval for the filing of a second or successive petition, the district court in that circuit must transfer the petition to the court of appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement effectively transfers the screening function previously employed by the district court to the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

### B.    Durand Chaunce Ford

Petitioner Ford was convicted by jury on June 4, 1999, of one count of violating 21 U.S.C. § 846 for conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base. On May 15, 2000, Petitioner Ford was sentenced to 292 months imprisonment. (*See* Judg. Conv. Dkt. No. 292).

The Sixth Circuit affirmed Petitioner Ford's conviction on December 3, 2003. *See Stines, et al.*, 313 F.3d 912, Appendix 16. Returning to this Court, Petitioner Ford filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 on December 15, 2004. (Dkt. No. 503). The Court referred this motion to a Magistrate Judge that issued a Report and Recommendation denying Petitioner Ford's Motion to Vacate. On June 10, 2005, this Court adopted the Magistrate Judge's Report and Recommendation and denied Petitioner Ford's Motion to Vacate. (Dkt. No. 530).

Presently before the Court is Petitioner Ford's July 13, 2006 Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). (Dkt. No. 565). Petitioner Ford advances the argument that a fraud was committed on the Court during the previous habeas proceeding and that relief from judgment is appropriate pursuant to Rule 60(b).

Significantly, Petitioner Ford also incorporates and joins his co-defendants Stines and Jefferson's claims made in their pending post-conviction actions alleging "violations of their Fifth

Amendment rights to due process and their Sixth Amendment rights to confront the witnesses against them due to the government's failure to disclose promised benefits to the witnesses who testified against them." (Ford Mot. at 2).

The Court notes that Petitioner Ford does not specify which provision of Rule 60(b) he seeks relief under. Pursuant to Rule 60(b)(3), a court may "relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . ." However, a motion pursuant to Rule 60(b)(3) must be brought no more than "one year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In the instant case, it is clear from the record that Petitioner Ford's Motion for Relief was brought more than one year after the Court denied his habeas petition, and indeed, Petitioner Ford argues that there is no time limit to claims of fraud upon the court. Therefore, the Court surmises, that Petitioner Ford does not make his claim for relief under Rule 60(b)(3). The only subsection which could apply is subsection 6, which grants relief for "any other reason."

Interestingly, Petitioner Ford relies upon a Tenth Circuit Court of Appeals case, *United States v. Buck*, 281 F.3d 1336, 1341-42 (10th Cir. 2002) which sets forth why relief <u>cannot</u> be granted pursuant to Rule 60(b)(6). In *Buck*, which examines a motion for relief where fraud upon the court is asserted under the misnomer of Rule 60(b)(6), the court explained:

> To avoid the time bar, Appellants instead rely on clause (b)(6), which permits relief for "any *other* reason justifying relief from the operation of the judgment." Their reliance is misplaced. The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses. Because fraud is one of the reasons for relief appearing in clause (3), it is not available as "any other reason" under clause (6). Appellants cannot so easily escape the time restrictions on Rule 60(b)(3) motions.

Nevertheless, Rule 60(b) authorizes two other avenues for relief from fraud upon the court. The rule states that it "does not limit the power of a court (1) to entertain an independent action to relieve a party from a judgment, order or proceeding . . . or (2) to set aside a judgment for fraud upon the court."

The first additional avenue mentioned above is an independent action. It is a narrow avenue. The Supreme Court has recently held that "under the Rule, an independent action should be available only to prevent a grave miscarriage of justice." But the roadway is wide enough to allow at least some claims of fraud. There is no set time limit for filing an independent action, although relief may be barred by laches.

The second procedure for obtaining relief is to invoke the inherent power of a court to set aside its judgment if procured by fraud upon the court. Relief is not dependent on the filing of a motion by a party to the original judgment; the court may assert this power *sua sponte*. There is no time limit for such proceedings, nor does the doctrine of laches apply.

In this case no purpose would be served by denying Appellants relief on the ground that the motion misstyled the plea for relief. The substance of the plea should control, not the label. We should construe the motion either as an independent action, or, because "[t]here are no formal requirements for asserting a claim of fraud upon the court," as a pleading invoking the court's inherent power to grant relief for fraud upon the court. In short, we do not reject Appellants' fraud-upon-the-court claim on procedural grounds.

*Id*. (internal citations omitted). Therefore, this Court may only grant relief in the instant case under its inherent power to revoke a judgment tainted by fraud upon the Court – not pursuant to Rule 60(b).

The narrow issue before this Court is whether Petitioner Ford's Motion for Relief should be construed as a second or successive habeas petition, or a motion for relief from judgment. Through 28 U.S.C. § 2255(h), a second or successive habeas petition must be certified through the previously discussed "gatekeeping" mechanism set forth in 28 U.S.C. § 2244(b).[1]

---

[1] Petitioner Ford appears at times to argue that the gatekeeping mechanism does not apply to the instant motion because the habeas petition was not decided "on the merits" but rather denied because of a statute of limitations. However, Petitioner Ford overlooks the

The United States Supreme Court decision, *Gonzales v. Crosby*, 545 U.S. 524 (2005), examined the question of whether "in a habeas case, such [Rule 60(b)] motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the provisions of the [ADEPA]."[2]  *Id*. at 526.  In *Gonzales*, the petitioner filed a habeas petition in federal court alleging that his guilty plea had not been knowingly and voluntarily entered.  *Id*. at 526-27.  The district court dismissed the petition finding that the statute of limitations period had run because it was not tolled during the 163-day period during which the petitioner's second motion for state post-conviction relief was pending.  *Id*. at 527.

After the district court denied *Gonzales'* petition, the Supreme Court issued the *Artuz v. Bennett*, 531 U.S. 4 (2000), which held that "an application for state postconviction relief can be 'properly filed' even if the state courts dismiss it as procedurally barred."  *Gonzales*, 545 U.S. at 527.  Some nine months after *Artuz* was issued, the petitioner filed a motion to amend or alter judgment pursuant to 60(b)(6) in the district court, relying upon *Artuz* and arguing that the denial of his habeas petition was in error.  The district court denied the 60(b) motion, but the Eleventh Circuit Court of Appeals held *en banc* that "petitioner's motion – indeed, any postjudgment motion under Rule 60(b) save one alleging fraud on the court under Rule 60(b)(3) – was in substance a second or successive habeas corpus petition."  *Id*. at 528.

In *Gonzales*, the Supreme Court examined the analysis under § 2244(b), to determine whether:

---

language of § 2244(d), which applies to second *or* successive petitions.

[2]     Although *Gonzales* examines the issue of whether a state prisoner's Rule 60(b) motion is an attempt to seek second or successive habeas relief under §2254, the Sixth Circuit has applied this analysis to examine Rule 60(b) motions asserted by federal prisoners in § 2255 cases.  *See In re Naylor*, 487 F.3d 1018, 1021 (6th Cir. 2007).

a claim presented in a second or successive habeas corpus application was also presented in a prior application. If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions. In either event, it is clear that for purposes for § 2244(b) an "application" for habeas relief is a filing that contains one or more "claims."

*Id*. at 530 (internal quotations omitted). The Supreme Court went on to conclude that some Rule 60(b) motions will contain "claims" and in that instance, the Rule 60(b) motion is substantively a successive or second habeas petition and should be subject to the provisions of § 2244(b). *Id*. at 531.

Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.

*Id*.

The Supreme Court then forth how to determine whether a Rule 60(b) motion contains such a "claim":

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris* [] will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id*. (emphasis added). Ultimately, the Supreme Court found in *Gonzales* that the Eleventh Circuit erred in holding the petitioner could not seek Rule 60(b) relief, because the motion challenged only the district court's "previous ruling on the AEDPA statute of limitations, [and] it is not the equivalent of a successive habeas petition." *Id*. at 536. The Supreme Court also went on to affirm the Eleventh Circuit's denial of the petitioner's motion, finding that extraordinary circumstances did

not exist.  *Id*.

In the instant case, Petitioner Ford contends that because he is attacking the previous habeas proceeding itself, and not the original proceedings, the motion for relief does not constitute a second or successive habeas petition.  The Court finds that if Petitioner Ford's claim *only* embraced the argument that the Government committed a fraud during the habeas proceeding by not producing relevant evidence within its control, then the Court could find, pursuant to the *Gonzales* analysis, that the motion for relief is not a second or successive habeas petition.  However, several complicating issues keep the instant action from becoming so rote.  Petitioner Ford incorporates and asserts his co-defendants' claims of Fifth and Sixth Amendment rights violations *in the original criminal proceedings*.  Therefore, while Petitioner Ford attempts to paint the instant motion as one only attacking the habeas petition, the Court finds there are "claims" such that it cannot be categorized as anything but a second habeas petition.  The Sixth Circuit has recently held that where a petitioner seeks to attack a federal court's "previous resolution of a claim on the merits" or seeks to "add a new ground for relief" the motion should be considered a second or successive habeas petition.  *In re Naylor*, 487 F.3d at 1022.

Further complicating this motion for relief, is the fact that this motion is mislabed.  Petitioner Ford cannot rely upon Rule 60(b) as it is clear, as examined previously, that the time limits have expired on his fraud claim and subsection 6 cannot apply.  Therefore, Petitioner Ford must rely upon the Court's inherent power to rectify fraud upon the court – however, by labeling it as such Petitioner Ford would not be able to incorporate his previous co-defendant's new "claims" against the prosecutor of their original proceeding.  This reinforces the fact that the real motivation behind the present motion is to assert new claims arising from the original criminal proceedings.

Therefore, the Court holds that because Petitioner Ford has incorporated the "claims" of Petitioners Stines and Jefferson, the present motion, whatever its proper title, does not seek just to vacate the underlying habeas proceeding, but also asserts 'claims'. By asserting these claims, Petitioner Ford converts the Rule 60(b) motion to a successive or second habeas petition, which in turn mandates that the motion be certified by the Sixth Circuit before this Court has proper jurisdiction.

### C.  Keith Maurice Phelan

Petitioner Phelan was convicted by jury on June 4, 1999, of conspiracy to possess with intent to distribute cocaine and cocaine base. On January 11, 2001, Petitioner Phelan was sentenced to 240 months imprisonment.

On December 3, 2002, Petitioner Phelan's conviction and sentence were upheld by the Sixth Circuit. *See Stines, et al.*, 313 F.3d 912, Appendix 16.

On October 1, 2003, Petitioner Phelan filed his Motion to Vacate the Sentence pursuant to § 2255. On December 22, 2003, Petitioner Phelan filed two motions to amend the Motion to Vacate, seeking to add issues which relate to alleged perjury of Government witnesses and also the Government's failure to disclose deals it had with these witnesses. (Dkt. Nos. 467 & 468). The Court ordered the Government to respond to the Motions to Amend, which it did on August 9, 2004. The Court referred the motion to Magistrate Judge Mona K. Majzoub.

On August 30, 2005, the Magistrate Judge Majzoub filed a Report and Recommendation recommending the Court deny Petitioner Phelan's Motion to Vacate. (Dkt. No. 488). On September 2, 2005, this Court adopted the Magistrate Judge's Report and Recommendation and denied

Petitioner Phelan's habeas petition.[3]  (Dkt. No. 535).

Petitioner Phelan filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) and Motion for Leave to Amend pursuant to Rule 15(c) on September 22, 2005.  (Dkt. No. 536). Subsequently, Petitioner Phelan filed a Motion for Relief from Judgment pursuant to Rule 60(b) on July 13, 2006.  (Dkt. No. 566).  The Government filed its response to both of these motions on March 9, 2007.  Supplemental briefing regarding the Motion for Relief from both parties was also requested and received by the Court.

Now pending before this Court are Petitioner Phelan's Motions to Amend, and Relief from Judgment.

### 1.    Motion to Amend

Petitioner Phelan requests through his motion to amend pursuant to Rule 59(e) that the Court allow him to adopt co-defendant Stines' arguments asserted in his now pending Motion to Vacate. (Phelan Mot. Am. at 3). Petitioner Phelan argues that because the arguments he seeks to add to his petition arise from the same "common core of operative facts", they are not barred by the one-year statute of limitations under § 2255.  *See Mayle v. Felix*, 545 U.S. 644, 664 (2005).

In *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008), the Sixth Circuit recently addressed the issue of whether a Rule 59(e) motion could be construed as a second or successive motion to vacate sentence.  *Id.* at 474.  The Sixth Circuit held that a "Rule 59(e) motion is not

---

[3]      The Magistrate Judge's Report and Recommendation addresses the amended claims (*i.e.* perjury of witnesses) and rejected them; these holdings were subsequently adopted by the Court.  Ergo, these motions to amend were granted.  Petitioner Phelan also filed a "Motion to Grant 2255" on August 24, 2005, six days before the Magistrate Judge issued her Report and Recommendation addressing the Motion to Vacate.  (Dkt. No. 487).  This pleading is terminated as moot in light of the denial of Petitioner Phelan's Motion to Vacate on September 2, 2005.

subject to the strict procedural requirements imposed on second or successive habeas petitions . . . ." *Id*. at 473. In *Howard*, the petitioner sought through Rule 59(e) and Rule 15(c) to set aside the order and amend his petition to allege, for the first time, an error in his sentencing. *Id*. The petitioner argued in his brief that the district court had erred "in treating his prior Ohio state-court conviction as a 'controlled substance offense,' and consequently deeming him a 'career offender' for Sentencing Guideline purposes." *Id*.

The Sixth Circuit explained in *Howard* that the Supreme Court's holding in *Gonzales*, *supra*, cannot be extended to Rule 59(e) motions:

> If the holding of *Gonzales* applied to Rule 59(e) motions, it would almost always be effectively impossible for a district court to correct flaws in its reasoning, even when the problems were immediately pointed out and could be easily fixed by that court. Court of appeals permission would be required, and could only be granted in the extremely limited circumstances provided by 18 U.S.C. § 2255(h).

> Our holding will not permit defendants to use post-judgment motions to subvert statutory limits on filing multiple motions for habeas relief, as the limits on the availability of Rule 59(e) relief are substantial. Most significantly, a petitioner has only ten days within which to file a Rule 59(e) motion, and even then may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Rule 59(e) allows for reconsideration; it does not permit parties to effectively "re-argue a case".

*Id*. at 475 (internal citations omitted).

In *Howard*, the petitioner relied upon a recent Sixth Circuit decision which supported his argument in his motion to alter or amend. However, the recent case was issued by the Sixth Circuit before the petitioner had filed his original motion to vacate – why the petitioner did not include this argument in his motion to vacate was not addressed in his motion to set aside and amend. *Id*. Ultimately, the Sixth Circuit remanded the case to the district court finding that the certification process did not apply to a motion under Rule 59(e); however, the circuit court noted that the district

court was likely to deny the Rule 59(e) motion for the reason that it was an attempt to relitigate the same arguments or assert arguments which could have been made prior to post judgment. *Id.*

In the instant case, Petitioner Phelan argues that he filed his Motion to Alter or Amend within the requisite 10 days of judgment as required pursuant to Rule 59(e). Petitioner Phelan notes that pursuant to Fed. R. Civ. P. 4(d) the Court should add three days to its date calculation where the pleading is sent via mail. Further, Petitioner Phelan argues that the Court should consider the date of the Court's judgment to be the day upon which the judgment is "entered" on the docket, not the day the judgment is dated.[4]

This Court need not determine whether Petitioner Phelan's Motion to Alter or Amend was appropriately filed within the 10 day window, as the motion fails even if it is exempted from the statutory limits of § 2255h.

If the Court considers Petitioner Phelan's motion as timely filed then, as set forth above, Rule 59(e) does not allow a party to present new arguments which could have been made before. *See Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Here, Petitioner Phelan wishes to adopt the "similar" arguments set forth by Petitioner Stines and have the Court reconsider its decision.

Petitioner Phelan does not explain why he did not move to amend his Motion to Vacate prior to its denial as Petitioner Stines filed his Motion to Vacate on October 19, 2004. The Report and Recommendation recommending the denial of Petitioner Phelan's Motion to Vacate was filed August 30, 2005, approximately 10 months after Petitioner Stines filed his motions. Further,

---

[4]       The Court's judgment is dated September 2, 2005 while the date upon which the judgment was "entered" on to the docket is September 6, 2005.

although Petitioner attempts to construe the arguments as "somewhat identical" he also notes: "Stines' claim of witness prosecutorial misconduct concerning witness perjury involves somewhat different substantive legal theory than the claim advanced in Phelan's [§] 2255 . . . ." (Pet. Mot. at 4).

The Court finds that Petitioner Phelan is attempting to assert new legal claims through a motion to amend and these claims could have been made prior to the Court's judgment.

If Petitioner Phelan's motion was not timely filed under Rule 59(e), Petitioner Phelan's motion constitutes a second or successive motion to vacate which needs to be certified by the Sixth Circuit Court of Appeals, as Petitioner Phelan is attempting to assert new "claims" not raised in his original motion to vacate. For these reasons, the Court denies the Motion to Alter and Amend.

### 2. Motion for Relief

Petitioner Phelan also moves for relief from judgment pursuant to Rule 60(b), specifically subsections 2, 3 and 6. Pursuant to Rule 60(b)(2), a court may relieve a party from a judgment or order for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e)." Subsection (3), as previously described *supra,* allows for relief for the reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party". Finally, subsection (6), a catch-all provision, allows a court to provide relief to a party for "any other reason that justifies relief."

To the extent Petitioner Phelan's Motion for Relief attacks his previous habeas petition, this motion's procedural posture differs from Petitioner Ford's motion for relief in one respect – Petitioner Phelan timely filed his Motion for Relief within one year from the denial of his habeas petition. Therefore, Petitioner Phelan may properly assert arguments pursuant to Rule 60(b)(2) and

(3).

This procedural difference, however, does not change the analysis of whether Petitioner Phelan's Motion for Relief is in substance a second or successive motion to vacate. Indeed, although Petitioner Phelan retains the ability to assert certain provisions of Rule 60(b) against the previous habeas petition, this does not entitle him to convert a second or successive habeas petition into a motion for relief.

Petitioner Phelan's Motion for Relief seeks to incorporate the arguments made by his previous co-defendant Stines' Motion to Vacate, although Petitioner Phelan avers that he has made these arguments previously in his Motion for Relief. Petitioner Phelan argues that the reason the Court must grant the instant Motion for Relief is because the Court denied his habeas petition without granting an evidentiary hearing and in light of "newly discovered" evidence.

The Court finds that because Petitioner Phelan seeks to assert "claims" which attack the original proceedings and because he seeks to have the Court reconsider its decision to deny the habeas petition and deny the request for an evidentiary hearing, Petitioner Phelan's Motion for Relief (and Motion to Amend) should be considered substantively second or successive habeas petitions.

As discussed *supra*, the Supreme Court has held in *Gonzales*:

> A [60(b)] motion that seeks to add a new ground for relief, as in *Harris* [] will of course qualify [as bringing a "claim"]. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merit*s since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.*, 540 U.S. at 530. In the instant case, Petitioner Phelan contends that because certain information

was not available during the pendency of his habeas petition, the Court should grant relief pursuant to Rule 60(b)(2) or in the alternative under subsection 3 or 6.

The Sixth Circuit addressed this issue in *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005), in which a petitioner sought to "advance, through new discovery, claims that the district court previously considered and dismissed on substantive, constitutional grounds; i.e. on the merits." *Id.* at 424. The Sixth Circuit held that the petitioner's Rule 60(b) motion was a second or successive habeas petition, explaining:

> It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings, namely his counsel's failure – after obtaining leave to pursue discovery – actually to undertake that discovery; all that matters is that [the petitioner] is "seeking vindication of" or "advancing" a claim by taking steps that lead inexorably to a merit-based attack on the prior dismissal of his habeas petition.

*Id.* at 424-25. The Sixth Circuit also noted the Supreme Court has held explicitly in *Gonzales* that a "Rule 60(b) motion is in effect a successor petition if it "seeks leave to present 'newly discovered evidence' in support of a claim previously denied. . . ." *Id.* at 425 (citing *Gonzales*, at 545 U.S. at 531).

In the instant case, no matter what Rule 60(b) subsection is invoked, Petitioner Phelan is admittedly pursuing "claims" previously asserted and/or seeking to incorporate "new claims"from co-defendant Stines' Motion to Vacate. Therefore, it appears that this is a successive or second habeas petition – Petitioner Phelan is *not* merely attacking the habeas proceeding but rather seeking "vindication" of his substantive habeas claims.[5]

---

[5] To the extent Petitioner Phelan argues that it would be a waste of judicial resources to send the action to the Sixth Circuit for certification, there is no precedent to justify circumventing a mandatory statutory procedure in the name of judicial economy.

To the extent Petitioner Phelan argues that relief is justified under the "exceptional circumstances" provision of Rule 60(b)(6), the Court finds this argument is without merit. As explained infra, the Sixth Circuit has held that:

> The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses. Because fraud is one of the reasons for relief appearing in clause (3), it is not available as "any other reason" under clause (6).

*Buck*, 281 F.3d at 1341-42. In the instant case, Petitioner Phelan argues that the exceptional circumstances surrounding his conviction and post-conviction attacks are the Government's alleged withholding of evidence or suborning perjury – namely fraud. Therefore, as this is an enumerated reason for relief in subsection 3, it is "not available" under subsection 6. As a result, Petitioner Phelan's argument that there exists an exceptional circumstance justifying relief from the judgment is rejected.

Therefore, Court holds Petitioner Phelan's Motion for Relief is in fact a second or successive habeas petition, and must be certified by the Sixth Circuit before this Court may assert proper jurisdiction.

### D.    Kenneth Andrew Jefferson

Petitioner Jefferson is in a different situation from both Petitioner Phelan and Ford, as Petitioner Jefferson's habeas petition is still pending; the Court has not yet adopted or rejected the Report and Recommendation regarding Petitioner Jefferson's "Amended Motion for New Trial" and "Motion to Recall Mandate or in the Alternative Motion under Rule 60(b)". (Dkt. Nos. 517 & 519).

On June 4, 1999, Petitioner Jefferson was found guilty by jury of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base. Petitioner Jefferson was sentenced to 240 months imprisonment on December 8, 2000. (Dkt. No. 383).

Petitioner Jefferson appealed the conviction and sentence to the Sixth Circuit. The Sixth Circuit affirmed the conviction and sentence on December 3, 2003. *See Stines, et al.*, 313 F.3d 912, Appendix 16.

Petitioner Jefferson argues he petitioned the Supreme Court for certiorari. (Supp. Obj. at 3). However, the Court can find no record of this petition or it subsequent denial. Petitioner Stines is the only defendant who petitioned the Supreme Court; his petition was denied on October 20, 2003. *See Stines v. United States*, 540 U.S. 973 (2003). Petitioner Jefferson has submitted a title page for an "Amended Petition for Certiorari to the United States Court of Appeals for the Sixth Circuit" addressed only to Petitioner Stines; an unsigned page describing the parties to the proceeding and lists the four petitioners: Stines, Ford, Phelan, and Jefferson; and a letter from the Clerk of the Supreme Court to Petitioner Stines informing him that a writ of certiorari had been filed. (Jefferson Pet. Supp. Br., Ex. 1). The Court recognizes that these pages were attached to Petitioner Jefferson's Motion to Vacate in Appendix A. Both the title page and the unsigned page contain the wrong case number, and most importantly the denial of certiorari captions the case as *Stines v. United States*, without "et al." which appeared in the case at the appellate and district court levels. (Ex. 1). Further, although the denial of certiorari appears on the Court's docket report for Petitioner Stines, as well another communication from the Supreme Court regarding an extension of time in which to file a petition for certiorari, nothing like that appears on Petitioner Jefferson's docket report.

Interestingly, although the documents Petitioner Jefferson has provided to the Court to support his petition for certiorari also contain the names of Petitioner Ford and Petitioner Phelan and set forth that these Petitioners were also part of the application for writ of certiorari, neither of these petitioners claim to have sought certiorari in their motions to vacate, even where Petitioner Ford's

17

motion to vacate was denied as untimely.

In light of this evidence, the Court finds that Petitioner Jefferson did not join Petitioner Stines in petitioning the Supreme Court for certiorari.

Petitioner Jefferson argues that even if his case was not appealed to the Supreme Court, he had a "subjective belief" that it was in fact being appealed and therefore, the Court should toll the time in which the statutory time began to run. Petitioner Jefferson has not offered nor has the Court found any case law which supports this conclusion and the Court rejects this argument.

Petitioner Jefferson filed his Motion to Vacate pursuant to § 2255 on August 26, 2004. (Dkt. No. 486). On March 25, 2005, Petitioner Jefferson filed an "Amended Motion for New Trial" (Dkt. No. 517) and "Motion to Recall Mandate or in the Alternative Motion under Rule 60(b)". (Dkt. No. 519). The Court referred this motion to a Magistrate Judge.

On August 3, 2005, the Magistrate Judge issued a Report and Recommendation which construed Petitioner Jefferson's "Amended Motion for New Trial" and "Motion to Recall Mandate or in the Alternative Motion under Rule 60(b)" as Motions to Amend and recommended denying both. (Dkt. No. 533). On September 26, 2006, Petitioner Jefferson filed a "Notice of Joinder" in Petitioner Stines' Supplemental Brief and Supplemental Brief in Support of Petitioner Jefferson's Motion for a New Trial. (Dkt. No. 573).

Before the Court are the pending Objections to the Magistrate Judge's Report and Recommendation and Notice of Joinder.

### 1.    Report and Recommendation

After finding that Petitioner Jefferson's motion to vacate was timely filed, the Magistrate Judge found that Petitioner Jefferson's additional claims were not timely filed and therefore could

not be asserted unless they "arose out of the conduct, transaction or occurrence" in the original motion to vacate. *Mayle*, 545 U.S. at 664; *see Wiedrauk v. Lavigne*, 174 Fed. Appx. 993, 1001-02 (6th Cir. 2006) (unpublished).

The Magistrate Judge found that in his motion to vacate Petitioner Jefferson asserted four claims: (1) a *Booker* sentencing claim; (2) the district court judge erred in determining the amount and type of drugs from statements at the sentencing hearing rather than the trial; (3) ineffective assistance of counsel based on counsel's failure to inform Petitioner Jefferson of a plea offer; and (4) claim that his sentence exceeds the statutory maximum. (Report, at 4). However, the Magistrate Judge held Petitioner Jefferson asserted three new claims in his Motion for New Trial: (1) the Government's withholding of information regarding additional deals with prosecution witnesses; (2) information of other witnesses admitting false testimony; and (3) the threatening of a witness by the prosecution if he gave exculpatory evidence. (*Id.*). The Magistrate Judge also found that Petitioner set forth a new claim in his Motion to Recall Mandate/Alternative Motion for New Trial: the knowing false testimony of a "professional stand-by witness".

The Magistrate Judge held that pursuant to *Mayle*, Petitioner Jefferson's newly asserted claims could not "relate back" to the original Motion to Vacate because those claims constituted "new ground[s] for relief supported by facts that differ in both time and type from those the original pleading set forth. [Further,] it is not sufficient that the newly asserted claims relate to the same trial, conviction, or sentence, as timely filed claims." *Wiedbrauk*, 174 Fed. at 1002 (citations omitted).

Petitioner Jefferson objected to the Report and Recommendation arguing that his motions were (1) not motions to amend; (2) because the factual predicate for the new claims arose less than a year before the filing (Supp. Obj.); and/or (3) timely under the doctrine of equitable tolling (Supp.

Obj.).  (Dkt. Nos. 534 & 564).

## 2.  Motion to Vacate, Timeliness

The Magistrate Judge relied upon Petitioner Jefferson's representation and belief that he had filed a petition for certiorari, however, the Court finds that Petitioner Jefferson did not file such a petition.  This error effects the Magistrate Judge's finding that the original motion to vacate was timely.

Petitioner Jefferson's appeal was denied on December 3, 2002, and he had ninety days to file a petition for certiorari with the Supreme Court.  As the one year limit to file a § 2255 starts running "when the time for seeking direct review expires", the "clock" began on March 3, 2003.  *See Clay v. United States*, 537 U.S. 522, 532 (2003).  Petitioner Jefferson filed his Motion to Vacate on August 26, 2004, outside the one year limit.  Therefore, the Court holds Petitioner Jefferson's Motion to Vacate as untimely and is dismissed.

Petitioner Jefferson's new claims asserted in Petitioner Jefferson's "Amended Motion for New Trial" and "Motion to Recall Mandate or in the Alternative Motion under Rule 60(b)" are in substance Motions to Amend the original Motion to Vacate.  However, as set forth in *Mayle*, a petitioner's additional claims asserted outside the one year statutory limit "relate back" to the filing date of the original motion to vacate if the new claims arise from a "common core of operative facts" and "out of the conduct, transaction or occurrence" in the original motion to vacate.  *Id.*, 545 U.S. at 664.

In the instant case, Petitioner Jefferson's original motion to vacate is untimely and time barred, therefore, there is no timely filing date to "relate back".  As a result, the Court rejects the Magistrate Judge's Report and Recommendation for the reason that his original Motion to Vacate

is untimely and consequently so are his Motions to Amend.

In summary, the Court: rejects the Magistrate Judge's Report and Recommendation; finds the original Motion to Vacate is time barred, denies the Petitioner Jefferson's objections to the Report and Recommendation as moot; and denies Petitioner Jefferson's "Amended Motion for New Trial" and "Motion to Recall Mandate or in the Alternative Motion under Rule 60(b)" as untimely.

### a.      28 U.S.C. § 2255(f)(4)

Petitioner Jefferson contends that even if the Court were to find that his Motion to Vacate was untimely, the subsequent Motions to Amend should be considered the first filed Motion to Vacate.  Further, Petitioner Jefferson argues that pursuant to § 2255(f) the motion to amend was timely.  Petitioner Jefferson avers that the one-year time limit did not begin to run until September 2, 2004 or September 30, 2005 as those were the dates in which Petitioner Jefferson became aware of facts upon which to predicate his claims.  Pursuant to § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> > (1)      the date on which the judgment of conviction becomes final;
> > (2)      the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, Petitioner Jefferson argues he did not have the facts to support his claim for prosecutorial misconduct against Assistant United States Attorney Richard Convertino until

Judge Gerald Rosen issued an opinion regarding Mr. Convertino's conduct in a separate and unrelated case on September 2, 2004. *See United States v. Koubriti*, 336 F. Supp. 2d 676 (E.D. Mich. 2004). However, Petitioner Jefferson fails to make clear how this separate decision is a "factual predicate" of the claim which could have been discovered through the exercise of reasonable diligence. Indeed, the Court finds that Mr. Convertino's conduct in one case does not "convict" him in another. Therefore, the Court finds that this argument is without merit.

Petitioner Jefferson also argues that September 30, 2005 is the date upon which the Government mailed Petitioner Jefferson copies of its interviews with Hans Thomas, Tali Alexander, and Rasul Warren and these interviews form the basis for the new claims in his motions to amend. The Court rejects this argument for the reason that Petitioner Jefferson filed the motions at issue *before* September 30, 2005. As Petitioner Jefferson was without this evidence when he made his "new" claims, he cannot make the argument that his new claims rely upon the later found evidence as its "factual predicate."

### 3. Notice of Joinder

Also pending before the Court is Petitioner Jefferson's September 26, 2006 "Notice of Joinder" in Petitioner Stines' Supplemental Brief in Support of his Motion to Vacate. (*See* Stines' Supp. Br., Dkt. No. 552). The Court finds that Petitioner Jefferson cannot join in a co-defendant's motion to vacate for the reason such an action would constitute an amendment of Petitioner Jefferson's original and untimely Motion to Vacate. As set forth above, a petitioner's additional claims asserted outside the one year statutory limit "relate back" to the filing date of the original motion to vacate if the new claims arise from a "common core of operative facts". *Id.*, 545 U.S. at 664. Here, Petitioner Jefferson's original motion to vacate is untimely and time barred, and as a

result, there exists no timely filing to which this motion can "relate back". Additionally, as explored *infra*, Petitioner Jefferson's claims that the factual predicate did for these claims did not arise until September, 2004 or September 2005 is without merit. Therefore, the Court denies Petitioner Jefferson's Notice of Joinder.

## IV.    CONCLUSION

For these reasons, the Court finds that it is lacking jurisdiction to hear Petitioner Ford and Petitioner Phelan's Motions for Relief as they are in substance second or successive habeas petitions. Therefore, these motions must be transferred to the Sixth Circuit Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that the proper procedure when a petitioner files a second or successive motion to vacate in the district court is to transfer the action for want of jurisdiction to the appropriate circuit court of appeals pursuant to 28 U.S.C. § 1631).

Further, the Court denies Petitioner Phelan's Motion to Alter or Amend and also finds his Motion for Order granting 2255 moot in light of this Court's previous order.

As to Petitioner Jefferson, the Court denies the Motion to Vacate as untimely, rejects the Report and Recommendation in so far as it found the Motion to Vacate timely; denies Petitioner's Objections to the Report and Recommendation as moot; and denies Petitioner Jefferson's Amended Motion for New Trial and Motion to Recall Mandate or in the Alternative Motion under Rule 60(b).

Therefore, the Court:

(1)    **TRANSFERS** Petitioner Ford's and Petitioner Phelan's Motions for Relief to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 (Dkt. Nos. 565 & 566);

(2)    **DENIES** Petitioner Phelan's Motion to Alter or Amend (Dkt. No. 536);

(3)     **DENIES AS MOOT** Petitioner Phelan's Motion for Order Granting 2255 (Dkt. No. 487);

(4)     **DENIES** Petitioner Jefferson's Motion to Vacate[6] (Dkt. No. 486);

(5)     **DENIES** Petitioner Jefferson's Motion for a New Trial and Motion to Recall/Mandate or in the Alternative Motion for Relief (Dkt. Nos. 517 & 519);

(6)     **REJECTS** the Report and Recommendation in favor of denying Petitioner Jefferson's Amended Motion for a New Trial and Motion to Recall Mandate or in the Alternative Motion under Rule 60(b) for the reason that the Court finds Petitioner Jefferson's Motion to Vacate is untimely and therefore his later Motions seeking to add new claims are also untimely (Dkt. No. 533);

(7)     **DENIES AS MOOT** Petitioner Jefferson's Objections to the Report and Recommendation (Dkt. Nos. 534 & 564); and

(8)     **DENIES** Petitioner Jefferson's Notice for Joinder.  (Dkt. No. 573).

**SO ORDERED.**

s/Paul D. Borman
_____

PAUL D. BORMAN

UNITED STATES DISTRICT JUDGE

Dated:  August 27, 2008

_____

[6]     The Court notes that all of Petitioner Jefferson's pending discovery motions become moot with the denial of his Motion to Vacate.  (*See* Dkt. Nos. 550, 551, 557, 561, 568, 569, 580, & 589).

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 27, 2008.


s/Denise Goodine
Case Manager